**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

             vs.                            No. CR 11-1691 WJ

JOSE GUTIERREZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT'S MOTION
TO CROSS-EXAMINE DEFENDANT
PURSUANT TO FEDERAL RULE OF EVIDENCE 608(B)**

THIS MATTER comes before the Court upon the Government's Motion to Cross-Examine Defendant Pursuant to Federal Rule of Evidence 608(b), filed March 20, 2012 (**Doc. 72**).  Assuming the Defendant elects to take the witness stand and testify at trial, the Government requests permission to cross-examine Defendant about his failure to report personal and corporate income and pay taxes owed to the State of New Mexico.  The Government bases this request on the existence of documentation indicating that Defendant has received income from the operation of his construction company, which income he has allegedly failed to report to the IRS.  Moreover, this documentation reflects expenses (for example, automobile and housing payments)  which tend to corroborate the existence of additional income.

Under Rule 608(b), specific instances of the conduct of a defendant or other witness, if probative of truthfulness or untruthfulness, may, in the discretion of the trial court, be inquired into on cross-examination. This Rule does not specify "how the trial court should exercise its discretion," however, it "must be exercised within the ambit of the other rules of evidence,

including Rules 401, 402 and 403, which address the relevance and probative value of possible evidence." *Beltran-Garcia*, 338 Fed.Appx.at 771 (citing *United States v. Whitmore*, 359 F.3d 609, 619 (D.C. Cir. 2004). Pursuant to Rule 608(b), specific instances of conduct reflecting a witness's character for truthfulness or untruthfulness may not be proved by extrinsic evidence. This limitation is intended to "avoid mini-trials that may consume a disproportionate amount of time and confuse the issues." *United States v. Velarde*, 485 F.3d 553, 561 (10th Cir. 2007).

Courts have previously applied the above-described standards and permitted the cross-examination of defendants and other witnesses about tax-related offenses, including failure to file income tax returns and/or to pay income taxes as required by law. *See United States v. Schuler*, 458 F.3d 1148, 1153 (10th Cir. 2006) (permitting cross- examination of defendant about false tax return pursuant to Rule 608(b)); United *States v. Beridze*, 415 Fed.Appx. 320, 328 (2d Cir. 2011) (finding that questions regarding the defendant's failure to pay income taxes were "probative of his character for truthfulness" and therefore appropriate for cross-examination); *United States v. Bailey*, 510 F.3d 726, 736 (7th Cir. 2007) (finding that trial court properly allowed cross-examination of informant about whether he paid income taxes because such cross-examination was relevant to the witness's credibility); *United States v. Bustamante*, 45 F.3d 933, 946 (5th Cir. 1995) (stating that "the failure to report income ... [is] relevant to the issue of honesty"); *United States v. Wilson*, 985 F.2d 348, 351 (7th Cir. 1993) (stating that "[a] conviction for failure to file tax returns is a crime involving dishonesty").

Defendant has not responded to the motion.  The Court finds that the Government's request is solidly based on the exhibits presented to the Court with the motion. By failing to report income and pay taxes, the Defendant allegedly demonstrated poor character for truthfulness, as well as violated the laws of the State of New Mexico. *See* N.M.S.A. §§ 7-1-69,

2

7-2A-9 (2012).  Also, the alleged recency of these offenses would be highly probative of Defendant's current character for truthfulness rather than his character at some time in the distant past. *See Beltran-Garcia*, 338 Fed.Appx. At 771 (stating that remoteness in time diminishes the relevance of Rule 608(b) evidence). Moreover, the financial crimes of failure to report income and pay taxes are of a completely different nature than the methamphetamine trafficking offenses charged in the superseding indictment.  Thus, there is no danger that the jury will infer from Defendant's prior commission of tax offenses that he has a propensity to engage in drug trafficking. *See* Fed. R. Evid. 404(b) (stating that "[e]vidence of a person's character . . . is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait").

Under these circumstances, cross-examination of Defendant about his previous failure to report income and pay taxes will not cause unfair prejudice, jury confusion or waste of time. *See* Fed. R. Evid. 403. Instead, such cross-examination will aid the truth-seeking process because it will provide the jury with highly relevant evidence of Defendant's character for truthfulness by showing that he failed to report income and pay taxes to the State of New Mexico (and possibly the Internal Revenue Service, as well) on the substantial income he earned through his no response  construction business in recent years.

Therefore, the Court will allow the Government to cross-examine Defendant in this area. The Court also finds that any prejudice to does not substantially outweigh the significant probative value of such testimony, under Rule 403.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE